**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| SHARON STEPHENS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | FILE NO.____________________ |
| INSURANCE COMPANY | ) | |
| OF NORTH AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

**I. JURISDICTION AND PARTIES**

1.

This suit is brought and jurisdiction lies under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1132.

2.

Jurisdiction and venue are proper pursuant to 29 U.S.C. § 1132.

3.

Plaintiff Sharon Stephens (hereinafter "Plaintiff") is a citizen of the United States and of the State of Georgia.

4.

Defendant, Insurance Company of North America, (hereinafter "Defendant"), is a foreign corporation doing business for profit in Georgia and negotiated, maintained and administered the disability plan at issue in this Complaint. Defendant may be served with process, pursuant to Rule 4 of the Federal Rules of Civil Procedure, by and through its registered agent, Mark G. Irwin, 11575 Great Oaks Way, #200, Alpharetta, GA 30022.

## II. STATEMENT OF FACTS

5.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 4 stated above.

6.

Plaintiff's employer, Matsushita Communications Industrial Corporation of America (hereinafter "Matsushita"), contracted with Defendant to provide long term disability benefits to its employees.

7.

At all times material to this action, there was in full force and effect an insurance policy for disability income benefits, constituting a binding contract of insurance between Matsushita and Defendant.

8.

Defendant issued a long term disability policy to Matsushita.

9.

Matsushita offered a long term disability coverage to its employees as a welfare benefit plan, as defined under ERISA.

10.

At all times material to this action, Plaintiff was an insured employee as defined under Defendant's policy.

11.

Defendant pays benefits to covered employees under this policy from its own assets and/or revenue.

12.

Defendant administered the disability policy at issue, was a fiduciary, and made all decisions as to benefits payable.

13.

Under Defendant's Policy, " Totally Disabled" is defined as follows:

> You are totally disabled if you are unable to do all duties pertaining to your work due to sickness or accident. This definition applies when you first become totally disabled and continues during the first 24 months of

> payment of a period of disability. After that period ends, you must not be able to do any work for compensation or gain for which you are, or could become, reasonably fitted by learning or experience.
>
> You will not be deemed so disabled if you do any work for compensation or gain, or during a period in which you are not under the direct care of a doctor. This direct care starts when the doctor examines you.

14.

At the time of her disability Plaintiff worked as an Administrative Supervisor.

15.

On or about April 15, 1994, Plaintiff was no longer able to continue working due to fibromyalgia and depression amongst other conditions.

16.

After being on benefits for many years Defendant offered Plaintiff a buy-out of her policy at a reduced amount.

17.

Plaintiff rejected this buy-out.

18.

Shortly thereafter, Defendant denied continuing long-term disability benefits via letter dated April 18, 2012.

19.

In the April 18, 2012 letter, Defendant stated that it had not received updated

medical information from Plaintiff's treating physician, Dr. David E. Vann.

20.

On April 30, 2012, Plaintiff appealed this denial and sent in a form from Dr. Vann which stated that due to her fibromyalgia she is slow to answer and focus for significant time periods, her depression and fibromyalgia prevent her focusing and relating to others and she has difficulty managing time and maintaining jobs and is impaired in her planning, calculating and interacting socially.

21.

On June 29, 2012, Defendant upheld its denial on the basis of a review of records by its medical directors.

22.

In the June 29, 2012 letter, Defendant claimed that its standards were different from the standards of the Social Security Administration which found Plaintiff disabled repeatedly.

23.

Plaintiff appealed this denial on or about August 21, 2012 as well as writing a letter to the Insurance Commissioner.

24.

On January 8, 2013, Defendant upheld its denial again on the basis of a

psychiatric review by an "independent" doctor.

25.

Plaintiff has exhausted her administrative remedies.

26.

Defendant's denial of Plaintiff's long-term disability benefits is a breach of the terms of the policy under which Plaintiff was covered and a breach of Defendant's fiduciary responsibilities to Plaintiff.

27.

Defendant ignored the opinions of Plaintiff's treating physician.

28.

Defendant ignored the findings of the Social Security Administration's doctor who examined Plaintiff.

29.

Much of the file appears to have been lost by Defendant and there is a letter in the file admitting that the original file disappeared.

## III. CLAIM FOR RELIEF

## ENTITLEMENT TO LONG TERM DISABILITY BENEFITS

30.

Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 29 stated above.

31.

Plaintiff is entitled to long term disability benefits under Defendant's policy for the following reasons:

a. These benefits are permitted under the plan;

b. Plaintiff has satisfied all conditions for eligibility for receipt of these benefits;

c. Plaintiff has not waived or otherwise relinquished her entitlement to these benefits.

32.

Defendant has refused to pay long term disability benefits to Plaintiff despite substantial medical documentation, supportive opinions from Plaintiff's treating physician, and the results of an Independent Medical Examination performed at the behest of the Social Security Administration. As a result of Defendant's failure to pay benefits to Plaintiff, she is entitled to relief as outlined below.

## IV. RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests judgment of this honorable Court against

Defendant as follows:

(1) Find and hold Defendant owes Plaintiff long term disability benefits from April 18, 2012 and continuing, plus the maximum allowable interest on all back benefits;

(2) Enjoin Defendant from any further prohibited acts against Plaintiff;

(3) Award Plaintiff attorneys' fees, including litigation expenses, and the costs of this action; and

(4) Grant other and further relief as may be just and proper.

This 23rd day of May, 2013.

ROGERS, HOFRICHTER & KARRH, LLC

*s/Heather K. Karrh*
**HEATHER KENDALL KARRH**
Attorney for Plaintiff
Ga. State Bar No. 408379
225 S. Glynn St., Ste. A
Fayetteville, GA 30214
(770)460-1118

LACY & SNYDER, LLP

*s/W. Thomas Lacy*
**W. THOMAS LACY**

Ga. State Bar No. 431032

Attorney for Plaintiff
P.O. Box 3709
Peachtree City, GA 30269
(770) 486-8445